**ETHYLE BLOCH, Plaintiff**

v.

**HAROLD N. BLOCH, Defendant**

Civil No. 483-1971

District Court of the Virgin Islands

Div. of St. Croix

December 27, 1973

ISHERWOOD & COLIANNI, Christiansted, St. Croix, V.I., *for plaintiff*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendant*

GREEN, *District Judge*[1]

---

[1] Clifford Scott Green, United States District Judge for the Eastern District of Pennsylvania, was assigned pursuant to 48 U.S.C. § 1614(a), to serve temporarily as a Judge of the District Court of the Virgin Islands to hear and dispose of all pending matters in this action.

## FINDINGS OF FACT, DISCUSSION, CONCLUSIONS OF LAW, AND ORDER

### FINDINGS OF FACT

1. Plaintiff, Ethyle Bloch, and defendant, Dr. Harold N. Bloch, are both residents and domiciliaries of the Virgin Islands.

2. In approximately April or May of 1962, at the suggestion of defendant, plaintiff moved to St. Croix, U.S. Virgin Islands, and thereafter the parties lived together as husband and wife continuously until shortly before the filing of this suit in November 24, 1971. During the course of the parties living together, a valid common-law marriage was entered into by the parties.[2]

3. Prior to taking up residence with defendant in St. Croix, the plaintiff lived in St. Thomas where she managed a retail store at a salary of $150.00 per week.

4. Plaintiff was induced to leave St. Thomas and live in St. Croix with defendant, as his wife, by defendant's promise to provide for her as a wife.

5. Defendant did not at any time promise or agree with plaintiff that if she lived with him in St. Croix that he would make her an equal business partner in the various businesses he was then engaged in or might in the future be engaged in.

6. Plaintiff did in fact work in the furniture store of defendant known as the Center for Better Living and helped in Dr. Bloch's optometry business, known as Better Vision; however, these were businesses which Dr. Bloch

---

[2] The testimony presented in this case is sufficient to convince the Court that the parties were husband and wife during most of the period of time herein relevant. In 1971, plaintiff herein filed an action for divorce alleging that the parties were husband and wife. Defendant denied in said action that a valid marriage had ever existed and defendant has continued that denial in this action. However, in the divorce action, the District Court did find that a valid common-law marriage was entered into by the parties in 1964, while visiting in Florida. This finding by the District Court has been affirmed by the United States Court of Appeals for the Third Circuit. See Bloch v. Bloch, No. 72-1260 (3rd Cir., filed February 16, 1973.)

conducted prior to meeting plaintiff and he did not promise plaintiff any interest in said business nor did plaintiff have any basis for believing that Dr. Bloch had promised her such an interest in the businesses.

7. From 1962, until the domestic difficulties caused a separation, plaintiff was involved in the operation of defendant's businesses, as a wife, and as an employee receiving a salary, but she did not acquire any other interest in the businesses.

8. Plaintiff testified, and the Court finds as a fact, that in the operation of the furniture store and the optometry business, funds of the two businesses were commingled and Dr. Bloch skimmed off cash receipts, without reporting the receipts as income, and transferred said money to defendant's family in Detroit, Michigan, to hold for him. The funds so transferred were the individual property of the defendant and not the joint funds of plaintiff and defendant. Defendant has used said funds to enter into other business ventures and to acquire real estate in the Virgin Islands and generally to increase his investments in various business enterprises.

9. One such business enterprise started by defendant was a beauty parlor known as the Comb and Brush Salon, ostensibly owned by plaintiff, Mrs. Bloch, but actually owned by the defendant, Dr. Bloch. Said business, now defunct, was shown by a paper transaction to be a business owned by plaintiff; however, in fact said business was started with the individual funds of defendant and was at all times owned by defendant.

10. Motivated by a desire to hide assets from the Internal Revenue Service, at a time when Dr. Bloch was under examination by the said Service, Dr. Bloch, defendant, arranged with plaintiff a paper transfer of the assets and business of the Center for Better Living from the name

of Dr. Bloch to the name of plaintiff, Mrs. Bloch. As a part of the arrangement, the defendant subleased the store in which the furniture Center for Better Living was located at 15 Company Street to the plaintiff and also sublet to Mrs. Bloch the warehouse facility which the furniture store utilized. Notwithstanding the formal type agreements entered into on paper by the parties, it is clear from the evidence presented that Dr. Bloch retained sole ownership in said business and Mrs. Bloch acquired no ownership interest in said business.

## DISCUSSION

Plaintiff, Mrs. Bloch, has commenced this action seeking to have the Court declare that all of the assets which Dr. Bloch presently has any ownership interest in are subject to a trust and are held by Dr. Bloch for the joint benefit of Dr. and Mrs. Bloch. Plaintiff also relies upon Title 26 V.I.C. § 74a which provides that "[e]very partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

Of course, if Mrs. Bloch is to succeed in this action, she must first establish that she has an interest as a partner or co-adventurer in the various businesses and properties acquired by defendant. In support of her position, plaintiff relies upon an alleged oral agreement entered into by the parties in or about April or May of 1962. Plaintiff testified that immediately prior to coming to live with the defendant in St. Croix she had lived in St. Thomas and was employed in St. Thomas as a manager of a store at $150.00 per week. Plaintiff contends that shortly after meeting the defendant, he invited her to visit the island of St. Croix and there

pointed out to her his various properties, his furniture store and his optometry business. In substance, according to plaintiff, he asked her to give up her job in St. Thomas and move to St. Croix to live with him in the relationship of husband and wife. Plaintiff maintains that in consideration for her managing the furniture business and assisting in the optometry business she was to become a one-half partner in said businesses and a one-half partner in all businesses and assets which were thereafter acquired. Plaintiff claims that relying on said agreement, she did in fact move to St. Croix, became the wife of the defendant and also became the business partner of the defendant in all of the various enterprises in which he thereafter engaged. Defendant vigorously denies any such promise, and maintains in this action, as he did in a divorce action between the parties, that Mrs. Bloch was only his mistress and an employee but never a partner.

After observing the parties at time of trial, we are convinced that neither party testified entirely truthfully as to all details of their relationship. However, in regard to the testimony concerning the alleged promise of Dr. Bloch to make Mrs. Bloch his business partner, we are convinced that no such promise was ever made by Dr. Bloch. We are convinced that he never at any time promised to, nor did he at any time ever actually, convey any interest in any of his businesses or properties to Mrs. Bloch. We are satisfied that Mrs. Bloch continued to work in the enterprises of Dr. Bloch because she was convinced that as a wife she would enjoy the benefit of the businesses' success; however, it is clear that this benefit was to be enjoyed as a wife and not as a business partner. We thus cannot find that by any express agreement a trust ever was created in the assets which Dr. Bloch now owns.

Plaintiff suggests an alternate basis for recovery; plaintiff contends that she has contributed her experience

and labor to the success of the defendant's businesses and investments and, therefore, a trust should be constructed pursuant to Restatement of Restitution § 160, et seq. Plaintiff's theory in this regard is that, having contributed her labor and experience to the success of the businesses, in order to prevent the unjust enrichment of the defendant a trust should be constructed. We have considered the cases cited by plaintiff, namely, Granik v. Perry, 418 F.2d 832 (5th Cir. 1969); Oldland v. Gray, 179 F.2d 408 (10th Cir. 1950); cert. denied 339 U.S. 948, 70 S.Ct. 803; Doing v. Riley, 176 F.2d 449 (5th Cir. 1949); Thompson v. Nesheim, 280 Minn. 407, 159 N.W.2d 910 (1968) and Beatty v. Guggenheim Exploration Company, 225 N.Y. 380, 122 N.E. 378 (1919), and find all of the cases to be in inapposite. In all of the cases cited there is an underlying contribution of funds by the co-adventurer or an express agreement. Absent an express agreement creating a relationship of trust or absent a finding of contribution of funds by the wife, we cannot grant the relief requested by plaintiff, for the parties never anticipated such an interest in the wife in consideration of her labors. We note that plaintiff does in fact have a remedy at law for the services which she has contributed to the success of defendant's business as a wife. Provision for her support and maintenance and alimony has been made by the Court which heard the divorce proceeding and under Virgin Island law may continue for an indefinite time in the future. See, Title 16 V.I.C. § 109(3).

█ In addition to denying the charges set forth in the complaint, defendant has also filed a cross-complaint seeking to recover from plaintiff damages for an alleged breach of the written agreement entered into by which the Furniture Center for Better Living was transferred on paper to the plaintiff. We have previously characterized the aforesaid transfer and the subleases entered into as a fictitious

or sham transaction entered into in order to hide assets from the Internal Revenue Service. We do not believe the defendant's version that this was a bona fide transaction but accept the version of the plaintiff that it was in fact a paper transaction and, in addition, find that defendant retained the ownership interest in the assets allegedly transferred to plaintiff. Accordingly, defendant is not entitled to recover on the cross-complaint from plaintiff for the alleged breach of this sham transaction.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this suit. Title 4 V.I.C. § 32.

2. Plaintiff does not have an interest in the assets of defendant as either a partner, a co-adventurer or beneficiary of a trust and is not entitled to the relief requested in the complaint.

3. Plaintiff and defendant did not enter into a valid agreement whereby defendant transferred the furniture Center for Better Living to plaintiff in return for a consideration and, therefore, there can be no breach of the alleged agreement, and accordingly defendant is not entitled to recover damages from plaintiff.

## ORDER

AND NOW, this 27th day of DECEMBER, 1973, IT IS ORDERED, ADJUDGED AND DECREED that a judgment be entered in favor of defendant and against plaintiff in regard to the claims set forth in plaintiff's complaint and that judgment be entered in favor of plaintiff and against defendant in regard to the claims set forth in defendant's cross-complaint.